1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERMAN GARCIA DE JESUS,<br><br>                    Petitioner,<br><br>        v.<br><br>KRISTI NOEM, et al.,<br><br>                    Respondents. | Case No. 2:26-cv-00391-TMC<br><br>AMENDED ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION AND BACKGROUND

Petitioner German Garcia de Jesus entered the United States without inspection about 19 years ago, was arrested by immigration officers on January 31, 2026, and is currently detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 ¶¶ 6–7. There is no indication that he has had a bond hearing since his arrival at NWIPC, as Respondents have determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* ¶ 32; Dkt. 7 at 1.

On February 3, 2026, Garcia de Jesus filed a petition for writ of habeas corpus, arguing that his mandatory detention under § 1225(b)(2) violates the Immigration and Nationality Act ("INA") because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a).

Dkt. 1 ¶¶ 25–32. On February 18, Federal Respondents filed a return to the habeas petition. Dkt. 7.

The habeas petition is now ripe for the Court's review. For the following reasons, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025).

The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Garcia de Jesus argues that § 1225(b)(2) does not apply to him because he is a member of both the *Rodriguez Vazquez* Bond Denial Class and a similarly defined nationwide Bond Eligible

Class certified by the U.S. District Court for the Central District of California in *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ----, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). Dkt. 1 ¶¶ 25–32. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Garcia de Jesus is a member of the *Rodriguez Vazquez* Bond Denial Class for purposes of this matter. Dkt. 7 at 2. They do not address his claim to *Maldonado Bautista* Bond Eligible Class membership. *See id.*

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Garcia de Jesus is subject to discretionary detention under 8 U.S.C. § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Garcia de Jesus has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within fourteen days of receiving Petitioner German Garcia de Jesus's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 24th day of February, 2026.

Tiffany M. Cartwright
United States District Judge